IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **TERRELL WRIGHT, JR.,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>)<br>**CHILTON COUNTY JUDICIAL** )<br>**SYSTEM, et al.,** )<br>)<br>**Defendants.** ) | **CASE NO. 2:22-CV-292-WHA-CWB**<br>**[WO]** |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

*Pro se* Plaintiff Terrell Wright, Jr., an inmate detained at the Chilton County Jail in Clanton, Alabama, filed this 42 U.S.C. § 1983 Complaint on May 12, 2022. Doc. 2. By Order of May 18, 2022, the Court directed Plaintiff to file, by June 1, 2022, either the $402.00 filing and administrative fees or an affidavit in support of a motion for leave to proceed *in forma pauperis*; the Court also informed Plaintiff that his failure to comply with the May 18 Order could result in dismissal of this action. Doc. 3. To date, however, Plaintiff has not complied with the May 18 Order or otherwise responded.

The authority to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that "[t]he district court possesses the inherent power to police its docket."). "The sanctions imposed [upon dilatory

litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Id*.

Based on the foregoing, the undersigned Magistrate Judge RECOMMENDS that this case be DISMISSED without prejudice. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.).

It is ORDERED that by **August 3, 2022**, the parties may file written objections to the proposed findings and recommendations set out herein. An objecting party must identify the specific portion of the findings and recommendations to which objection is being made and must describe in detail the basis for the objection. Frivolous, conclusive, or general objections will not be considered by the Court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in this Recommendation and will waive the right of the party to challenge on appeal any subsequent order that is based on factual and legal conclusions accepted or adopted by the District Court, except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3–1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this the 20th day of July 2022.

/s/ Chad W. Bryan
**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**